UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF | ) | |
| | ) | |
| TANYA CHRISTINE BENNETT, | ) | CASE NO.  06-31002 HCD |
| | ) | CHAPTER 13 |
|     DEBTOR. | ) | |
| | ) | |
| | ) | |
| TANYA CHRISTINE BENNETT, | ) | |
|     PLAINTIFF, | ) | |
| vs. | ) | PROC. NO. 06-3107 |
| | ) | |
| MARCEL'S TANNING SALONS, INC., | ) | |
|     DEFENDANT. | ) | |
| _____ | ) | |
| | ) | |
| MARCEL'S TANNING SALONS, INC., | ) | |
|     COUNTER-CLAIMANT, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| TANYA CHRISTINE BENNETT, | ) | |
|     COUNTER-DEFENDANT. | ) | |

Appearances:

Debra Voltz-Miller, Esq., counsel for plaintiff, 1951 East Fox, South Bend, Indiana 46613; and

William L. Wilson, Esq., counsel for defendant, Anderson, Agostino & Keller, P.C., 131 South Taylor Street, South Bend, Indiana   46601.

MEMORANDUM OF DECISION

At South Bend, Indiana, on March 31, 2009.

Before the court is the Motion for Summary Judgment filed by defendant counter-claimant Marcel's Tanning Salons, Inc. ("Marcel's" or "defendant"), against chapter 13 debtor Tanya Christine Bennett, plaintiff counter-defendant ("Bennett" or "debtor").  Marcel's seeks summary judgment on its counter-claim to determine the dischargeability of debt pursuant to 11 U.S.C. § 523(a)(4).  The parties briefed the issues and the court took the matter under advisement.  For the reasons that follow, the court denies the Motion for Summary Judgment.

Jurisdiction

Pursuant to 28 U.S.C. § 157(a) and Northern District of Indiana Local Rule 200.1, the United States District Court for the Northern District of Indiana has referred this case to this court for hearing and determination. After reviewing the record, the court determines that the matter before it is a core proceeding within the meaning of § 157(b)(2)(I) over which the court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(1) and 1334. This entry shall serve as findings of fact and conclusions of law as required by Federal Rule of Civil Procedure 52, made applicable in this proceeding by Federal Rules of Bankruptcy Procedure 7052 and 9014. Any conclusion of law more properly classified as a factual finding shall be deemed a fact, and any finding of fact more properly classified as a legal conclusion shall be deemed a conclusion of law.

Background

The parties have stipulated to the following facts. From February 1999 through May 2000, Bennett was employed by Marcel's. Marcel's made a complaint to law enforcement authorities concerning the theft of funds by Bennett. The debtor was charged by the state of Indiana with theft as a result of Marcel's complaint. She pleaded guilty to the theft charge as a Class A misdemeanor. On April 25, 2002, in the St. Joseph Circuit Court, Marcel's filed a civil suit against Bennett to recover the funds allegedly embezzled by Bennett. Bennett was represented by counsel in that suit; however, he withdrew before the hearing because Bennett had not maintained communications with him. At the hearing on Marcel's summary judgment motion, held December 6, 2004, the state court granted Marcel's motion for summary judgment and awarded it a judgment in excess of $200,000. Bennett failed to appear at the hearing and did not contest the motion.

Marcel's seeks summary judgment on its claim that the debt owed to it by Bennett is, as a matter of law, nondischargeable under 11 U.S.C. § 523(a)(4). It asserts that the theft committed by Bennett constitutes larceny pursuant to § 523(a)(4). Because Bennett pleaded guilty to theft under Indiana Code 35-43-4-2(a), Marcel's insists, she admitted to every element of larceny. Bennett responds that Marcel's obtained only a default

judgment against Bennett and that the state court's order does not support any factual finding that Bennett embezzled money from Marcel's. She insists there is insufficient evidentiary support for a motion for summary judgment concerning the nondischargeability of the debt under § 523(a)(4).

## DISCUSSION

This court renders summary judgment only if the record shows that "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056; *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *See Celotex*, 477 U.S. at 323. If the moving party satisfies its initial burden, then the nonmoving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The court neither weighs the evidence nor assesses the credibility of witnesses. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

> In dischargeability cases, "[b]ecause we apply a presumption in favor of discharge in bankruptcy, the creditor bears the burden to demonstrate by a preponderance of the evidence that the exception applies. To stave off summary judgment, once the moving party has claimed an absence of evidence supporting an element of the nonmoving party's case, the non-movant must point to facts in the record showing there is a genuine issue for trial. Mere speculation is insufficient to defeat a motion for summary judgment.

*Fischer Investment Capital, Inc. v. Cohen (In re Cohen)*, 507 F.3d 610, 613 (7th Cir. 2007) (citations omitted) (affirming grant of summary judgment to debtor under § 523(a)(2)(B)).

The plaintiff has asked the court to find that Bennett's obligation to it is nondischargeable as a matter of law pursuant to § 523(a)(4), which excepts from discharge any debt "for embezzlement or larceny." The definitions of the two terms, for purposes of § 523(a)(4), are found in federal common law.

> Embezzlement, under § 523(a)(4), is defined as the fraudulent appropriation of the creditor's property by the debtor to whom it has been entrusted or into whose hands it has lawfully come. On the other hand, larceny is where the original taking of the property was *not* lawful.

*Martello v. Fowers (In re Fowers)*, 360 B.R. 888, 898 (Bankr. N.D. Ind. 2007) (citations omitted).

> Embezzlement and larceny both involve the misappropriation of someone else's property. The difference between them lies in whether or not the debtor's original possession of that property was wrongful. If so, we are dealing with larceny. If not, the charge is embezzlement.

*Oak Street Funding LLC v. Brown (In re Brown)*, 399 B.R. 44, 47 (Bankr. N.D. Ind. 2008). Fraudulent intent is a required element of proof in embezzlement and larceny charges under § 523(a)(4). The plaintiff therefore "must establish not only that the debtor exercised unauthorized control over the property of another, but also that the debtor had fraudulent intent in doing so."[1] *In re Fowers*, 360 B.R. at 899.

Marcel's position is that Bennett, who pleaded guilty to committing theft under state law, has admitted to being "[a] person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use." Ind. Code 35-43-4-2(a). In addition, Marcel's has obtained a state court default judgment against Bennett for recovery of embezzled funds. Marcel's argues that the § 523(a)(4) exception to discharge applies because the debtor's admission of theft under state law constitutes an admission of larceny under the Bankruptcy Code. *See* R. 48 at 5.

The court finds that Marcel's has based its summary judgment motion on the doctrine of collateral estoppel. If it applies, that doctrine prevents a party from relitigating issues previously determined in another court. *See Jensen v. Foley*, 295 F.3d 745, 748 (7th Cir. 2002). The principles of collateral estoppel are applicable in adversary proceedings. *See Grogan v. Garner*, 498 U.S. 279, 285 n. 11, 111 S. Ct. 654, 658 n. 11, 112 L.Ed.2d 755 (1991). "The effect of a judgment in subsequent litigation is determined by the law of the jurisdiction that rendered the judgment . . . provided the judgment was rendered in a proceeding that comported with due process of law." *In re Catt*, 368 F.3d 789, 790-91 (7th Cir. 2004) (citing 28 U.S.C. § 1738 and supporting case law); *see*

---

[1] In Black's Law Dictionary, "larceny" is defined: "The unlawful taking and carrying away of someone else's personal property with the intent to deprive the possessor of it permanently. Common-law larceny has been broadened by some statutes to include embezzlement and false pretenses, all three of which are often subsumed under the statutory crime of 'theft.'" Black's Law Dictionary 896 (8th ed. 2004). The Supreme Court of Indiana definitively "rejected the notion that Indiana's theft statute contains the common law larceny element requiring intent to *permanently* deprive." *Bennett v. State*, 878 N.E.2d 836, 836 (Ind. 2008) (affirming *Bennett v. State*, 871 N.E.2d 316 (Ind. App. 2007), confirming that *Coff v. State*, 483 N.E.2d 39 (Ind. 1985) is still good law).

*also Kramer Consulting, Inc. v. McCarthy (In re McCarthy)*, 350 B.R. 820, 831-33 (Bankr. N.D. Ind. 2006). In this case, state courts in Indiana rendered the criminal sentence and the civil default judgment at issue. In Indiana, "to bar relitigation of an issue, the doctrine of collateral estoppel requires: 1) a final judgment on the merits in a court of competent jurisdiction; 2) identity of the issues; and 3) the party to be estopped was a party or the privity of a party in the prior action." *Huber v. United Farm Family Mut. Ins. Co.*, 856 N.E.2d 713, 717 (Ind. App. 2006) (citation omitted). The Seventh Circuit, in *Catt*, noted that Indiana is among "a significant minority of states . . . [to] allow findings made in default proceedings to collaterally estop, provided that the defaulted party could have appeared and defended if he had wanted to." *In re Catt*, 368 F.3d at 791. The appellate court also has held that a criminal conviction based upon a guilty plea may be used to establish collateral estoppel in a later civil proceeding. *See Appley v. West*, 832 F.2d 1021, 1026 (7th Cir. 1987); *see also Edgewater Med. Ctr. v. Peter Rogan, Braddock Mgmt. L.P. (In re Edgewater Med. Ctr.)*, 332 B.R. 166, 173 (Bankr. N.D. Ill. 2005); *American Nat'l Bank v. Cooper (In re Cooper)*, 125 B.R. 777, 780 (Bankr. N.D. Ill. 1991).

    Marcel's has the initial burden of production, the responsibility of demonstrating that there are no material facts in dispute and that there are sufficient undisputed facts to demonstrate as a matter of law that the debt owed to Marcel's by Bennett was the result of the debtor's embezzlement or larceny under § 523(a)(4) of the Bankruptcy Code. Marcel's has demonstrated that the Indiana theft statute to which Bennett pleaded guilty is indeed very similar in language to the requirements for nondischargeability of debt under § 523(a)(4). The elements to be proven under § 523(a)(4) and under Indiana Code 35-43-4-2 parallel one another. However, Marcel's has not presented the facts that demonstrate Bennett's criminal conduct, the acts of theft for which she was convicted. Without such facts, the court is unable to determine whether the material facts underlying the debtor's guilty plea for theft are the same material facts that prove the elements of larceny under § 523(a)(4) in this adversary proceeding. The guilty plea can satisfy the "actually litigated" component of the collateral estoppel requirements when the facts to which the debtor pleaded guilty are shown, and are shown to satisfy the § 523(a)(4) requirements for larceny. *See Appley*, 832 F.2d at 1026. On this record, however, the court is unable

to determine that the issues in the criminal conviction and in the civil default judgment ruling were the same as the issues in this bankruptcy proceeding. *See In re McCarthy*, 350 B.R. at 833. The collateral estoppel requirements have not been met, and therefore the state court criminal conviction and civil judgment do not bar the litigation of § 523(a)(4) herein.

The debtor's guilty plea will not be relitigated, of course. It is clear that Bennett confessed to the crime of theft, and thus that she knowingly exercised unauthorized control over property that belonged to Marcel's, with the intent of depriving Marcel's of the value or use of that property. The debtor will not be heard to challenge the facts to which she pleaded guilty or the facts that she could have challenged at the state court civil hearing on Marcel's summary judgment motion, had she wanted to appear and defend her position. However, the court finds that Marcel's has failed to incorporate into this record the evidence reviewed by the state courts that demonstrates that the same issues were decided in those courts that must be decided here.[2] Because Marcel's failed to satisfy its initial burden of production, the Motion for Summary Judgment is denied.

## CONCLUSION

For the reasons set forth above, the court denies the Motion for Summary Judgment filed by defendant counter-claimant Marcel's Tanning Salons, Inc. A pre-trial conference on the issues in the counter-claim will be set by separate order.

SO ORDERED.

        /s/ Harry C. Dees, Jr.
HARRY C. DEES, JR., CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT

---

[2] *See, e.g., Midwestern Electric, Inc. v. Hummel (In re Hummel)*, 2008 WL 1911176 (Bankr. S.D. Ind. 2008) (unpub'd) (granting judgment by default to plaintiff under § 523(a)(4) and other dischargeability provisions, finding that complaint's detailed allegations, supplemented by facts at a hearing on damages, were sufficient to prove that the plaintiff was entitled to § 523(a) relief and to establish violations of Indiana Code § 35-43-4-2 (Theft) and -4-3 (Conversion)).